UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARED ANDREW MARTIN,<br><br>Plaintiff,<br><br>v.<br><br>KATHERINE LONGARDENER, et al.,<br><br>Defendants. | No. 1:22-cv-1001 NODJ GSA (PC)<br><br>ORDER DIRECTING PLAINTIFF TO SHOW CAUSE WHY THIS MATTER SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES<br><br>PLAINTIFF'S SHOWING OF CAUSE DUE **JANUARY 3, 2024** |

Plaintiff, a county jail inmate proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

For the reasons stated below, Plaintiff will be ordered to show cause why this matter should not be dismissed for failure to exhaust administrative remedies.

I.  RELEVANT FACTS

On August 11, 2022, Plaintiff's complaint was docketed. ECF No. 1. One week later, Plaintiff filed an application to proceed in forma pauperis. ECF No. 4. Eventually, the motion was granted. ECF No. 5.

Plaintiff raises three claims in the complaint. See ECF No. 1 at 3-5. The claims stem from events that occurred while Plaintiff was housed at Kern Valley State Prison ("KVSP"). ECF No. 1 at 3-5.

In the complaint, when Plaintiff is asked whether he exhausted his administrative remedies prior to filing his complaint in this Court, he states that he has not. See id.  When then asked to explain why he did not submit his claims to the highest level prior to filing in federal court, Plaintiff states that he did not do so because he was not required to given that he had been transferred out of that  prison.  See id.

II.    DISCUSSION

A.  Applicable Law

The claims of inmates who challenge their conditions of confinement are subject to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a).  "The PLRA mandates that inmates exhaust all available administrative remedies before filing 'any suit challenging prison conditions,' including, but not limited to, suits under [Section] 1983."  Albino v. Baca, 747 F.3d 1162, 1171 (9th Cir. 2014) (brackets added) (quoting Woodford v. Ngo, 548 U.S. 81, 85 (2006)).

"Under § 1997e(a), the exhaustion requirement hinges on the 'availab[ility]' of administrative remedies:  An inmate . . . must exhaust available remedies, but need not exhaust unavailable ones."  Ross v. Blake, 578 U.S. 632, 642 (2016) (brackets in original).  In discussing availability in Ross, the Supreme Court identified three circumstances in which administrative remedies were unavailable:  (1) where an administrative remedy "operates as a simple dead end" in which officers are "unable or consistently unwilling to provide any relief to aggrieved inmates;" (2) where an administrative scheme is "incapable of use" because "no ordinary prisoner can discern or navigate it;" and (3) where "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation."  Ross, 136 S. Ct. at 1859-60.  "[A]side from [the unavailability] exception, the PLRA's text suggests no limits on an inmate's obligation to exhaust – irrespective of any 'special circumstances.' "  Id. at 1856.  "[M]andatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion."  Id. at 1857.

B.  Analysis

Plaintiff's fails in his complaint to provide adequate facts to support an acceptable excuse for not having exhausted his administrative remedies prior to filing suit.  His unexplained

statement/assertion that he was not required to exhaust his claims that arose at KVSP because he is no longer housed there is factually insufficient for the Court to make an initial determination on the duty to exhaust administrative remedies.  A transfer from an institution in which a cause of action arises does not necessarily excuse the requirement that an inmate must exhaust his administrative remedies prior to filing suit in federal court.  See, Howard v Baca, 2011 US Dist Lexis 132553; Jacobsen v Curren, 2018 US Dist Lexis 59222; See also, e.g., Medina-Claudio v. Rodriguez-Mateo, 292 F.3d 31, 35 (1st Cir. 2002); McKinney v. Carey, 311 F.3d 1198, 1199-1200 (9th Cir. 2002) (citing Medina-Claudio, 292 F.3d at 36); Flourney v. Navarro, 2008 US Dist Lexis 120742, No. CV 05-7708 PA (FFM), 2008 WL 4184650 at *7 (C.D. Cal. Sept. 10, 2008) (citations omitted) ("[T]he fact that plaintiff was no longer in the Jail's custody at the time she brought this suit does not exempt her from the PLRA's exhaustion requirement.  Plaintiff was 'confined in [a] . . . prison . . . " at the time she filed the Complaint, and she brought a suit relating to 'prison conditions'.").

More exactly, Plaintiff has not set forth facts stating: 1- when the alleged violations of his constitutional rights occurred,  or when he was put on notice that his rights were allegedly violated, 2-the exact date he was physically transferred out of Kern Valley State Prison (KVSP), and 3- all locations and the dates in sequential order where he has been transferred subsequent to his leaving KVSP.

Presently therefore Plaintiff's proffered excuse, without more, does not explain why he failed to exhaust administrative remedies prior to filing his complaint in this Court.   As a result, he will be ordered to show cause why this matter should not be dismissed for failure to exhaust.

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff shall show cause why this matter should not be dismissed for failure to exhaust administrative remedies.  See 42 U.S.C. § 1997e(a).

2.  Plaintiff's showing of cause shall be filed no later than **January 3, 2024**.

IT IS SO ORDERED.

Dated: **December 4, 2023**                             **/s/ Gary S. Austin**
                                                                                      UNITED STATES MAGISTRATE JUDGE