UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARED ANDREW MARTIN,<br><br>Plaintiff,<br><br>v.<br><br>KATHERINE LONGARDENER, et al.,<br><br>Defendants. | No. 1:22-cv-01001-KES-GSA (PC)<br><br>ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS<br><br>(Doc. 11) |

Plaintiff Martin, a county jail inmate proceeding pro se and in forma pauperis, initiated this civil rights action seeking relief under 42 U.S.C. § 1983 by filing a complaint on August 11, 2022. The matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On December 1, 2023, Plaintiff was mailed notice of the reassignment of this case. Doc. 9. On December 7, 2023, the Postal Service returned the mailing as "Undeliverable, Not in Custody." *See* docket. The assigned magistrate judge initially found Plaintiff had failed to exhaust administrative remedies and issued an order to show cause on December 5, 2023. Doc. 10. The Post Office again returned the Court's mailing as "Undeliverable, RTS, Not in Custody." On February 15, 2024, the magistrate judge found that, under Local Rule 183(b), Plaintiff's failure to timely provide a change of address subjected the matter to dismissal for failure to prosecute. Doc. 11. The magistrate judge recommended that this action be dismissed

1

without prejudice for failure to obey a court order and for failure to prosecute. Doc. 11 at 2 (citing L.R. 110, 183(b)). The Court served the findings and recommendations on Plaintiff at his address of record. On February 22, 2024, the Postal Service returned the document as "Undeliverable, Not in Custody". To date, Plaintiff has not filed a notice of change of address or otherwise communicated with the Court. *See* docket.

In accordance with 28 U.S.C. § 636(b)(1), the Court has conducted a de novo review of this case. Notably, the docket reflects that Plaintiff did not receive the February 15, 2024 order with which the findings and recommendations determined he did not comply. In addition, the findings and recommendations do not address the propriety of terminating sanctions for failure to obey a court order, as required for dismissal under Rule 41(b). *See, e.g.*, *Malone v. U.S. Postal Service*, 833 F.2d 128, 131-132 (9th Cir. 1987) ("The district court abuses its discretion if it imposes a sanction of dismissal without first considering the impact of the sanction and the adequacy of less drastic sanctions." (citation omitted)). Accordingly, the Court declines to adopt the recommendation for dismissal on grounds of failure to obey a court order.

However, the Court does find dismissal appropriate under Local Rule 183(b), which requires a plaintiff appearing in propria persona to advise the Court of the plaintiff's current address. "If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute." Local Rule 183(b). More than 63 days have passed since the postal service returned the Court's mail for the first time on December 7, 2023. Therefore, it is appropriate to consider dismissal for failure to prosecute. *See Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal proper for failure to prosecute and to comply with local rules of court).

Dismissal is a harsh penalty, and the Court must consider several factors before dismissing for lack of prosecution, including "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less

drastic sanctions." *Henderson*, 779 F.2d at 1423.  The public's interest in expeditious resolution of litigation always favors dismissal, as does the Court's need to manage its own docket.  *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990-91 (9th Cir. 1999).  "[I]t is the responsibility of the moving party to move towards that disposition at a reasonable pace," and Plaintiff has not met this responsibility.  *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991).  In this action, the proceedings are halted because Plaintiff has failed to update his address and since December 7, 2023, court orders have been returned as undeliverable.  *See* docket.  Plaintiff has not made an appearance in this case since August 2022.  *Id.*  This case continues to languish on the Court's docket with no foreseeable movement, therefore the Court finds the first two *Henderson* factors weigh in favor of dismissal.

"Unreasonable delay creates a presumption of injury" to the defendants.  *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984).  A court should specifically examine "whether the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *Malone v. United States Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987).  Here, Plaintiff became unreachable by the Court before the complaint finished the screening process and before Defendants were served.  *See* docket.  Plaintiff has not taken any further action to prosecute this case since August 2022.  *Id*.  There is nothing in the record that rebuts the presumption of prejudice to Defendants, and this case is currently unable to proceed.  Therefore, this factor also weighs in favor of dismissal.

While courts are required to consider alternative sanctions, there is no lesser sanction available when a district court cannot contact a plaintiff to discuss lesser sanctions.  *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) ("An order to show cause why dismissal was not warranted or an order imposing sanctions would only find itself taking a round trip tour through the United States mail.").  There are no alternative lesser sanctions for the Court to consider in this action because Plaintiff is unable to be contacted.  Finally, while the policy of favoring disposition of cases on their merits weighs against dismissal, in this situation, this factor is outweighed by the other four factors that strongly favor dismissal.  *Yourish*, 191 F.3d at 992 (accepting the public policy factor can be outweighed by a strong showing of the other four

factors).

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The findings and recommendations issued February 15, 2024, Doc. 11, are ADOPTED IN PART.
2. This matter is DISMISSED without prejudice for Plaintiff's failure to comply with Local Rule 183 and failure to prosecute this action.
3. The Clerk of Court shall close this case.

IT IS SO ORDERED.

Dated:   May 19, 2024

UNITED STATES DISTRICT JUDGE

4